LAW OFFICES OF JOHN O'NEILL

John M. O'Neill, Esq.  6314
2233 Vineyard Street, Suite D
Wailuku, Maui, Hawaii  96793
Tel: (808)244-6929
Fax: (808)244-9643

Attorney for Plaintiffs

FILED
2017 AUG 21  AM 11:06
D. PELLAZAR, CLERK
SECOND CIRCUIT COURT
STATE OF HAWAII

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| SANDRA F. KELSO and DAVID V. KELSO,<br><br>    Plaintiffs,<br><br>v.<br><br>STATE LINE TACK, LLC, JOHN DOES 1-5, JOHN DOE BUSINESS ENTITIES 1-5, and ROE GOVERNMENTAL AGENCIES 1-5,<br><br>    Defendants. | CIVIL NO. 17-1-0348 (2)<br>(Product Liability)<br><br>COMPLAINT; SUMMONS |

COMPLAINT

1.   Plaintiffs SANDRA F. KELSO and DAVID V. KELSO are husband and wife and at all relevant times were citizens and residents of the county of Maui in the state of Hawaii.

I hereby certify that this is a full, true and correct copy of the Original

Clerk, Second Circuit Court

**Exhibit A**

2. At all times relevant herein, defendant STATE LINE TACK, LLC is and was a Pennsylvania limited liability company with a principal place of business in Luzerne County, in the state of Pennsylvania.

3. At all times relevant herein, defendant STATE LINE TACK, LLC designed, manufactured, marketed, distributed and sold horse tack, including bits.

4. There may be other defendants, whose precise identities are presently unknown to plaintiffs despite plaintiffs' good faith efforts to identify them, but who later may need be defendants herein. Plaintiffs' good faith efforts in identifying these other defendants include inspection of the subject product, reviewing the Department of Commerce and Consumer Affairs business registration records, reviewing the police report and other investigation.

5. Although presently unknown to plaintiffs, plaintiffs allege, on information and believe, that, directly or indirectly, the conduct of such other unidentified potential defendants may have been a legal cause of the occurrence complained of and/or the injury, damage, or loss sustained by plaintiffs, so that all defendants, unidentified and identified, are legally, jointly and severally liable therefor, inasmuch as the conduct of each defendant may have coincided and concurred with that of each and every other defendant.

6. Plaintiffs allege, upon information and belief, that at all times relevant herein, defendants, or any of them,

transacted business in the State of Hawaii, engaged in a persistent course of conduct and/or derived substantial revenues from the sale of goods in the State of Hawaii, committed tortious acts in the State of Hawaii, advertised and marketed horse tack products specifically to customers in the State of Hawaii, shipped horse tack products to customers in the State of Hawaii, placed horse tack products in the stream of commerce to the State of Hawaii and otherwise purposefully availed itself of the privileges of advertising, marketing, selling and/or shipping horse tack products directly and deliberately to the State of Hawaii, and plaintiffs' injuries, claims and cause of action herein arose from some or all of the above.

7. On or about July 26, 2016, plaintiff SANDRA F. KELSO was using a STATE LINE TACK, LLC "Western SS Med Arch Roller Hinged Futurity Bit" ("Bit") in the County of Maui, State of Hawaii, when the Bit broke and fell apart in her horse's mouth, causing the horse to bolt and thereby causing plaintiff SANDRA F. KELSO to be thrown from her horse, resulting in serious and permanent injuries to plaintiff SANDRA F. KELSO including, but not limited to, displaced left ankle fractures, left-sided pneumothorax with rib fracture, left scapula fracture, head injury with hearing loss, tinnitus, memory deficits, word-finding difficulties and other symptoms and injuries.

8. At all times relevant herein, defendants, and/or any of them, designed, inspected, tested, modified, altered,

licensed, manufactured, distributed, warranted, marketed, advertised, rented, leased, sold, maintained, researched, developed, certified, assembled, controlled, repaired, supplied, shipped and/or placed in commerce the aforesaid Bit and its component parts.

9. The conduct of defendants, and/or any of them, in connection with the foregoing, was negligent, which negligence was a cause of plaintiffs' injuries, damages, and losses.

10. At all times relevant herein, defendants, and/or any of them, knew, or in the exercise of reasonable care should have known, that the aforesaid Bit and its component parts, or any of them, were potentially defective, unsafe, and/or dangerous to foreseeable users, such as plaintiff SANDRA F. KELSO, and failed to warn of the said defects, lack of safety, or danger, and/or failed to recall or retrofit the aforesaid Bit and its component parts.

11. At all times relevant herein, defendants, and/or any of them, failed to disclose material facts pertaining to the Bit and its components.

12. At all times relevant herein, defendants, and/or any of them, knew or should have known, that in placing the Bit and its component parts in commerce, a risk of substantial harm would thereby be created, which, under foreseeable circumstances, could and did cause, and would result in, the grievous injuries suffered by plaintiff SANDRA F. KELSO.

13. At all times relevant herein, the Bit and its component parts, was expected by defendants, and/or any of them, to, and did reach, foreseeable users of the Bit, including plaintiff SANDRA F. KELSO, without substantial unforeseeable change in its condition since the time it was researched, developed, designed, fabricated, manufactured, assembled, inspected, tested, advertised, marketed, distributed, sold, delivered, supplied, maintained, and/or repaired by defendants, and/or any of them.

14. At all times relevant herein, the Bit and its component parts was placed in commerce by defendants, and/or any of them, in a defective condition, dangerous to persons foreseeably using it, and such condition existed at the time of the injury to plaintiff SANDRA F. KELSO.

15. Defendants, and/or any of them, is/are strictly liable to plaintiffs for their injuries, damages, and losses alleged herein.

16. At all times relevant herein, defendants, and/or any of them, expressly or impliedly warranted that the Bit and its component parts was safe and fit for its intended and/or foreseeable uses and/or was of merchantable quality, whereas the Bit and its component parts was not safe nor fit for its intended and/or foreseeable use, as a result of which the said warranties, expressed or implied, or either of them, were breached.

17. Defendants, and/or any of them, prior to July 26,

2016, did not advise or warn plaintiff SANDRA F. KELSO of the aforesaid defective and/or dangerous condition of the Bit and its component parts.

18. Defendants, and/or any of them, acted wantonly or oppressively, or with such malice as implies a spirit of mischief, or acted with that entire want of care as would raise the presumption of a conscious indifference to civil consequences, and/or acted with gross negligence, such as to be a legal cause of the injuries to plaintiffs, thereby warranting the imposition of punitive damages against defendants, and/or any of them.

19. As a result of defendants' negligence, breach of warrant(ies), and/or strict liability, or that of any of them, plaintiff SANDRA F. KELSO sustained severe, substantial, significant, permanent, physical and mental injuries, incurred medical expense, and has undergone and continues to undergo medical treatment.

20. As a further result of defendants' negligence, breach of warrant(ies), and/or strict liability, or that of any of them, plaintiff SANDRA F. KELSO suffered and continues to suffer severe emotional distress, mental anguish, and great physical pain and suffering.

21. As a further result of defendants' negligence, breach of warrant(ies), and/or strict liability, or that of any of them, plaintiff SANDRA F. KELSO suffered diminished earning capacity, as well as loss of enjoyment of life's activities.

22. As a further result of defendants' negligence, breach of warrant(ies), and/or strict liability, or that of any of them, plaintiff DAVID V. KELSO, who witnessed his wife's injuries at the accident scene shortly after she was hurt, suffered great shock, fear, fright, and mental distress, all of a continuing nature.

23. As a further legal result of defendants' negligence, breach of warrant(ies), and/or strict liability, or that of any of them, plaintiff DAVID V. KELSO sustained diminution or loss of the consortium of his wife and/or the marital relationship together with such other damages as shall be proven at time of trial.

WHEREFORE, upon a hearing hereof, plaintiffs pray that judgment be entered in their favor, and against defendants, or any of them, jointly and severally, for such general, special, and/or other damages as to which they shall be entitled, pursuant to proof introduced at trial, together with costs of suit, attorneys' fees, pre- and post-judgment interest, and such other and further relief as to which they shall be entitled pursuant to Rule 54(c) of the Hawaii Rules of Civil Procedure.

DATED: Wailuku, Maui, Hawaii, 8-21-17

John M. O'Neill, Esq.
Attorney for Plaintiffs

Law Offices of John O'Neill
2233 Vineyard Street, Suite D
Wailuku, Maui, Hawaii 96793   (808) 244-6929

| STATE OF HAWAII<br>CIRCUIT COURT OF THE<br>SECOND CIRCUIT | SUMMONS<br>TO ANSWER CIVIL COMPLAINT | CASE NUMBER<br>Civil No. 17-1-0348(2) |
|---|---|---|

| PLAINTIFFS                              VS. | DEFENDANTS |
|---|---|
| SANDRA F. KELSO and DAVID V. KELSO, | STATE LINE TACK, LLC, JOHN DOES 1-5, JOHN DOE BUSINESS ENTITIES 1-5, and ROE GOVERNMENTAL AGENCIES 1-5, |

PLAINTIFF'S ATTORNEY (NAME, ADDRESS, TEL. NO.)

John M. O'Neill, Esq. #6314
LAW OFFICES OF JOHN O'NEILL
2233 Vineyard Street, Suite D
Wailuku, Maui, Hawaii 96793
Tel: (808) 244-6929; Fax: (808) 244-9643

TO THE DEFENDANT(S):

You are hereby summoned and required to file with the court and serve upon plaintiff's attorney, whose address is stated above, an answer to the complaint which is attached. This action must be taken within twenty days after service of this summons upon you, exclusive of the day of service.

If you fail to make your answer within the twenty day time limit, judgment by default will be taken against you for the relief demanded in the complaint.

**If you fail to obey this summons this may result in an entry of default and default judgment.**

**Pursuant to Rule 4(b) of the <u>Hawai'i Rules of Civil Procedure</u>, this summons shall not be delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the public, unless a judge of the District or Circuit courts permits, in writing on the summons, personal delivery during those hours.**

| DATE ISSUED | CLERK | | |
|---|---|---|---|
| AUG 23 2017 | | /sgd/ D. PELLAZAR (seal) | CIRCUIT COURT CLERK |

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

In accordance with the Americans with Disabilities Act and other applicable state and federal laws, if you require a reasonable accommodation for a disability, please contact the ADA Coordinator at the Circuit Court Administration Office at PHONE NO. 244-2969, **FAX** 244-2932, or **TTY** 244-2865, at least ten (10) working days prior to your hearing or appointment date.

FORM NO. 001101 3 84                                                                                                    SUMMONS TO ANSWER TO COMPLAINT